CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

99 APR -7 AM 11: 02

HIGH RIDGE HINKLE JOINT VENTURE and
GENE HINKLE,

    Plaintiffs,

vs.      No. CIV 95-278 MV/LFG

THE CITY OF ALBUQUERQUE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion for Relief from Judgment, filed February 11, 1999 [**Doc. 136**] and Motion for Oral Argument on Motion for Relief from Judgment, filed February 24, 1999 [**Doc. 140**]. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the Motion For Relief from Judgment is well taken and will be **GRANTED**, and that the Motion for Oral Argument will therefore be **DENIED** as moot, as explained below.

## ANALYSIS

In its Memorandum Opinion and Order of December 30, 1998 [**Doc. 127**], the Court dismissed Plaintiffs' Complaint on the grounds of *res judicata*, based on two prior state court proceedings. Plaintiffs now moves pursuant to Fed.R.Civ.P. 60(b)(5) for relief from judgment on the grounds that the prior proceedings on which this Court based its *res judicata* ruling have been

reversed. Defendant resists, arguing that a reversal does not preclude a case from having *res judicata* effect and that the New Mexico Supreme Court opinion reversing the prior judgments was issued prior to this Court's ruling.

Rule 60(b) provides that, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) . . . a prior judgment upon which it is based has been reversed or otherwise vacated . . . ." The reach of this rule is specifically limited to cases in which the present judgment is based on the *res judicata* or collateral estoppel effect of the prior judgment. *Klein v. United States*, 880 F.2d 250, 258 (10th Cir. 1989); *Dowell v. State Farm Fire and Casualty*, 774 F.Supp. 996, 999 (S.D.Va. 1991) *aff'd* 993 F.2d 46, 48 (4th Cir. 1993); *Tomlin v. McDaniel*, 865 F.2d 209, 210-11 (9th Cir. 1989).

In the present case, the Court held that two prior state court decisions barred Plaintiffs' claims in this case pursuant to the doctrine of *res judicata*. The decision of the trial court in the first of these case was reversed by the New Mexico Court of Appeals in *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 119 N.M. 29, 888 P.2d 475 (Ct. App. 1994) (*Hinkle I*). *Hinkle I* remanded the case to the City of Albuquerque Planning Commission for reconsideration. After the Planning Commission reaffirmed its prior decision, Plaintiffs again filed suit in state district court. The decision of the trial court in this second case upholding the Commission's decision was eventually reversed by the New Mexico Supreme Court in *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, 1998 N.M. LEXIS 440 (December 3, 1998) (*Hinkle II*). The Supreme Court's opinion in *Hinkle II* was issued prior to this Court's ruling on Defendant's motion

2

for summary judgment. However, the decision was issued after Plaintiffs and Defendant had submitted their memorandum on the motion.

In its Memorandum Opinion granting Defendant's motion for summary judgment, the Court noted that the Plaintiffs had not contested any of the elements of *res judicata*, including the finality of the judgments in the prior state court proceedings. The Court failed to consider this issue on its own. However, on reflection and further consideration, it appears that *Hinkle I* and *Hinkle II* should not be given preclusive effect.

The controlling New Mexico precedent on this issue is *Salas v. Bolagh*, 106 N.M. 613, 615, 747 P.2d 259, 261 (Ct. App. 1987). The trial court in *Salas* dismissed one of the plaintiff's claims on the grounds of *res judicata* even though the prior judgment in that case had already been reversed. The New Mexico Court of Appeals responded,

> [a] judgment is not operative as *res judicata* when it has been reversed by an appellate court. *See* 46 Am.Jur.2d Judgments § 465 (1969); *Green v. Chaffee Ditch Co.*, 150 Colo. 91, 371 P.2d 775 (1962). The first trial of this case resulted in a reversal and remand. Thus, it was not a final judgment. The trial court's judgment could not serve as a *res judicata* bar to plaintiffs' amended complaint.

Id.; see also *46 Am.Jur.2d Judgments § 593: Effect of Vacation or Reversal of Judgment (1994)* ("A judgment is inoperative as *res judicata* where it has been vacated, as by the granting of a new trial, or reversed by an appellate court."). Federal courts apply the same blanket rule, holding that a judgement which has been reversed has no preclusive effect whatsoever. *Franklin Savings Assoc. v. Off. Of Thrift Supervision*, 35 F.3d 1466, 1469 (10th cir. 1994). "'A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both *as res judicata* and as collateral estoppel.'" *Id.* (quoting *Jaffree v. Wallace*, 837 F.2d 1461, 1466 (11th Cir.1988); and 1B Moore's Federal Practice ¶ 0.416[2], at 517 (1984)).

Based on these precedents, the Court must conclude that as a result of the reversal on appeal, *Hinkle I* and *Hinkle II* have no preclusive effect on the present case, even though the prior ruling of this Court was based on the principle that the claims in the present case should have been brought as part of the earlier proceedings, not based on the specific resolution of the issues in *Hinkle I* and *Hinkle II*. The holding of the New Mexico Court of Appeals in *Salas* is unambiguous: "[a] judgment is not operative as *res judicata* when it has been reversed by an appellate court." *Salas*, 106 N.M. at 615. The decisions in both *Hinkle I* and *Hinkle II* were reversed on appeal. Therefore, neither case should be given preclusive effect and neither case bars Plaintiffs' current claims.

Defendant argues that the Court nevertheless cannot grant Plaintiffs' motion pursuant to Rule 60(b)(5) because *Hinkle II* was decided prior to this Court's ruling dismissing Plaintiffs' Complaint. Although the Court agrees that Rule 60(b)(5) was probably intended to apply to situations in which the prior judgment is actually reversed after the court's judgment in the later case is entered, nothing in the text of the rule limits its application in this manner. In the present case, the final reversal in *Hinkle II* was issued prior to this Court's decision but after the parties had submitted their briefs. Because Plaintiffs' did not contest the finality of the prior judgments in their Response, the Court did not consider this issue. Given the close timing in this case and the failure of the Court to *sua sponte* consider the effect of the reversal on the preclusive effect of the prior case, the Court concludes that the situation presented here falls within the scope of Rule 60(b)(5). In addition, the Court finds that its prior decision contains a manifest error of law, warranting granting Plaintiffs' Motion for Relief from Judgment pursuant to Fed.R.Civ.P. 60(b)(6) (providing that the Court may relieve a party from a judgment for "any other reason justifying relief from the operation of the judgment"). Accordingly, the Court will vacate its prior opinion and reinstate Plaintiffs' Complaint.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Relief from Judgment **[Doc. 136]** is hereby **GRANTED** and Plaintiffs' Motion for Oral Argument on Motion for Relief from Judgment **[Doc. 140]** is hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Judgment entered December 30, 1998 **[Doc. 128]** is hereby **VACATED** and that the Memorandum Opinion and Order entered December 30, 1998 **[Doc. 127]** dismissing Plaintiffs' Complaint is hereby **VACATED**. Plaintiffs' Complaint is hereby **REINSTATED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the following motions which were denied as moot are hereby **REINSTATED**: Plaintiffs' Motion for Partial Summary Judgment **[Doc. 105]**, Defendant's Motion for Summary Judgment on Plaintiffs' Unconstitutional Municipal Policies and Customs Claims **[Doc. 91]**, Defendant's Motion for Summary Judgment on the Grounds of Mootness **[Doc. 93]**, Defendant's Motion for Summary Judgment on the Grounds of Plaintiffs' Lack of Property Interest **[Doc. 95]**, Defendant's Motion for Summary Judgment as to Claims for Due Process Violations **[Doc. 97]**, and Defendant's Motion to Dismiss Claims for Punitive Damages and Damages Under the New Mexico Constitution **[Doc. 99]**.

Finally, the parties are invited to submit one supplemental brief each addressing the effect of the decision in *Hinkle II* on any of their pending motions. The parties have thirty (30) days to submit these briefs, if they choose.

MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff:
    Elizabeth Simpson
    Stephen LeCuyer

Attorney for Defendants:
    Randy Autio