IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


HINKLE FAMILY FUN CENTER
LLC, et al.,

      Plaintiffs,

vs.                                               No. CIV 95-278 MV/LFG

THE CITY OF ALBUQUERQUE,

      Defendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant City of Albuquerque's Motion to Amend Order to Allow Interlocutory Appeal **[Doc. No. 41]** filed August 19, 1999. Defendant requests that the Court allow the City to appeal the Court's August 5, 1999 ruling denying Defendant's Motion for Summary Judgement as to (1) Plaintiffs' Property Interest; (2) Plaintiffs' Claims for Substantive and Procedural Due Process Violations; (3) Plaintiffs' Unconstitutional Municipal Policies and Customs Claims; and(4) on the Grounds of Mootness. The Court, having considered the motion, response, reply, surreply, relevant law, and being otherwise fully informed, finds that Defendant's motion is not well taken and will be **DENIED**.

### BACKGROUND

In this action, pursuant to 42 U.S.C. § 1983, Plaintiff Hinkle Family Fun Center

LLC asserts violations of its constitutional rights by Defendant City of Albuquerque as a result of the City's failure to approve a development project. Specifically, Plaintiff asserts that the City violated their constitutional rights to substantive and procedural due process by refusing to allow Plaintiff to construct a go-cart and bumper boat ride at its amusement park. For the purpose of resolving this motion, the Court will review the relevant facts of this case.[1]

1. In August 1991, Plaintiff began pursuing plans to develop an amusement park on 4.4 acres of undeveloped land which it owned in Albuquerque. At the time the land was zoned C-2, "community commercial."

2. The planned amusement park consisted of go-cart and bumper boat rides, in addition to a video game room, miniature golf course, baseball hitting range and basketball shooting area.

3. Plaintiff was informed by the Zoning Enforcement Officer for the City of Albuquerque that the go-cart and bumper boat rides were "conditional uses" in the C-2 zone meaning that these uses required prior approval.

4. According to the zoning ordinance of Albuquerque, a conditional use application "shall be approved" if the applicant demonstrates that the proposed use will not be injurious to adjacent property and that the use proposed will not be significantly damaged by surrounding structures or activities.

5. The conditional use application process is a quasi-judicial process where the applicant and any opposing party may present evidence and examine witnesses; testimony is taken under oath;

---

[1] The protracted factual and procedural history of this case is more thoroughly described in this Court's August 5, 1999 Order ruling on Defendant's Motion for Summary Judgement.

2

a record of the hearing is made; and the decision may be appealed to the Zoning Board of Appeals, to the City Council, and finally to the State District Court.

6. Although the Zoning Hearing Examiner approved Plaintiff's conditional use application, this decision was reversed upon administrative review by the Board of Appeals and the City Council. Specifically, the City Council ruled that go-carts and bumper boat rides were not permissible conditional uses in the C-2 Zone as defined by the zoning ordinance.

7. After a lengthy appeal process, the New Mexico Supreme Court ruled that the City Council's determination that the ordinance did not permit go-carts and bumper boats as conditional uses within the C-2 zone was erroneous.

8. The Hinkle Family Fun Center opened on the site on April 1, 1994, operating an arcade and miniature golf course. Approval for the go-carts and bumper boats was not granted by the City Council until January 6, 1996. The Hinkle Family Fun Center began operation of the go-carts and bumper boats on May 23, 1997.

9. Plaintiff brought this present action on March 15, 1995 asserting violations of their constitutional rights by Defendant City of Albuquerque as a result of the City's failure to approve the development project.

10. On August 5, 1999, this Court denied Defendant's motions for summary judgement, holding that: (1) Plaintiff does have a property interest which provides them standing to pursue the alleged constitutional violations; (2) there is a genuine factual issue as to whether Defendant's actions violated Plaintiff's procedural due process rights; (3) there is a genuine factual issue as to whether Defendant's actions violated Plaintiff's substantive due process rights; (4) there is a genuine factual issue as to whether the City Council abandoned its quasi-judicial role in the interest of making official

municipal policy, thereby subjecting the City of Albuquerque to municipal liability for their actions; and (5) Plaintiff's claims pursuant to 42 U.S.C. § 1983 are not moot and may be pursued even if the constitutional violation is not on-going.

11.  Defendant now moves the Court to amend its order to allow interlocutory appeal of the Court's denial of Defendant's Motion for Summary Judgment.

**STANDARD OF REVIEW**

In order to file an interlocutory appeal a party must first seek certification from the district court pursuant to 28 U.S.C. 1292(b). An interlocutory order may be appealed only if the district judge determines in its discretion that: (1) the order involves a controlling question of law, (2) as to which there is substantial ground for a difference of opinion, and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. 1292(b). If the court makes such a determination, the court of appeals may "thereupon in its discretion, permit an appeal to be taken from such order..." *Id.* Circuit courts have advised that § 1292(b) is to be used sparingly in exceptional circumstances, in which extended and expensive proceedings can be avoided by immediate and final decision early in the action. *See*, *In re Flor*, 79 F.3d 281, 284 (2nd Cir. 1996); *Utah State Department of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994); *White v. Nix*, 43 F.3d 374 (8th Cir. 1994).

**ANALYSIS**

Applying these principles to the present case, the Court does not find that an interlocutory appeal is warranted in this instance. As a preliminary matter, the Court does not find that it is

4

appropriate to certify these issues at this advanced stage in the litigation. The §1292(b) certification procedure should be strictly limited and used only in exceptional circumstances where protracted litigation can be avoided early on in the action. *See*, *In re Flor*, 79 F.3d at 284; *Utah State Department of Health v. Kennecott Corp.*, 14 F.3d at 1495; *White v. Nix*, 43 F.3d 374. The Court does not believe this case presents such exceptional circumstances. This case does not involve an extraordinary amount of trial time and expense to justify departing from the basic policy of postponing appellate review until after entry of final judgment. Furthermore, at this late stage in the case, an interlocutory appeal would most likely delay rather than materially advance the termination of litigation, undermining the intent of section 1292(b). *See*, *Utah State v. Kennecott Corp.*, 14 F.3d at 1495.

The Court also does not find that Defendant has met the statutory requirements of § 1292(b) justifying an interlocutory appeal. Although Defendant presents controlling issues of law, the Court is not persuaded that there is substantial ground for a difference of opinion in these matters. Defendant raises five issues for which it would seek appeal. The Court will address each of these in turn.

### 1. Plaintiffs' Property Interest

Defendant challenges the Court's ruling that Plaintiff has established a property interest in the zoning permit upon which to pursue their due process claims. The Tenth Circuit has determined that in a zoning entitlement case the threshold question is whether the zoning authority had "discretion to deny" the requested use or permit. *Norton v. Village of Corrales*, 103 F.3d 928, 931 (10th Cir. 1996). If a court finds that the zoning authority had no such discretion, a property interest in the zoning permit is established. Following these principles, this Court found that due to its limited

appellate function the Albuquerque City Council had no discretion to deny a zoning permit if Plaintiff was able to demonstrate to the Zoning Hearing Examiner that the go-carts and bumper boats would not be harmful to surrounding property. Therefore, the Court held that Plaintiff did have a property interest in the zoning permit after making such a showing.

Defendant contends that this issue is appropriate for interlocutory appeal, arguing that there is a substantial ground for a difference of opinion as to whether Plaintiff has a property interest. As support for this proposition, Defendant cites to a recent case from this district, *Hyde Park Company, LLC v. Greater Callecita Neighborhood Association*, CIV 98-821 (February 10 1999), in which the court held that a Santa Fe property owner did not have a property interest in a zoning permit prior to approval by the Santa Fe City Council. *Hyde Park* is distinguishable on its facts from the present case in that the Santa Fe City Council does have unlimited discretion to deny zoning permits, whereas in the present case the Albuquerque City Council had no discretion to deny a zoning permit once Plaintiff demonstrated that no harmful impact would arise. In fact, the *Hyde Park* decision regarding the property interest in a zoning permit is entirely consistent with this Court's determination. The court in *Hyde Park* used the same property interest analysis as this Court under *Norton v. Village of Corrales*, focusing on whether the Santa Fe City Council had discretion to deny the zoning permit, but arrived at a different conclusion based on a different set of facts. Finding that the Santa Fe City Council "retained unqualified discretion to deny Hyde Park's final application under SFCC § 147.5(B) and N.M. Stat. Ann § 3-20-7E, nonwithstanding the [planning] Commission's approval," the *Hyde Park* court held that no property interest in the zoning permit existed. The standard for analyzing property interests in zoning cases is well laid out in *Norton v. Village of Corrales* and was properly applied by this Court in denying Defendant's Motion for Summary Judgment. Defendant has failed

to convince this Court that there is substantial ground for a difference of opinion as to whether Plaintiff had a property interest in the zoning permit prior to review by the Albuquerque City Council. Therefore, the Court declines to certify this issue for interlocutory appeal pursuant to 28 U.S.C. §1292(b).

## 2. Substantive Due Process

In its August 5 Order, this Court found that Plaintiff may be able to establish at trial a violation of its substantive due process rights. Defendant now argues that there is a "real and substantial ground for a difference of opinion" as to whether Plaintiff could prove a violation of its substantive due process rights. Defendant agrees with the Court that *Norton v. Village of Corrales* sets out the standard for a substantive due process claim, however, disagrees with the Court's application of *Norton* to the facts of this case. In its Order, the Court held that, once a property interest is established, the threshold question under *Norton* in determining whether a substantive due process violation occurred is whether the City Council's decision regarding the Plaintiff's permit application was "arbitrary and capricious." *Norton v. Village of Corrales*, 103 F.3d at 932. The Court found that although it was clear that Defendant acted erroneously, the record at the summary judgment stage was insufficient to establish whether Defendant's action was so arbitrary as to constitute a violation of Plaintiff's substantive due process rights. Accordingly, the Court held that summary judgment in favor of either party was inappropriate at that time.

The Court stands by this ruling. Defendant has failed to show that there is a substantial ground for a difference of opinion as to the Court's denial of Defendant's Motion for Summary Judgment. Defendant does not dispute the law applied by the Court, but merely disputes the Court's

finding that the facts were not sufficiently established to justify summary judgment in favor of Defendant. Defendant has cited no case law supporting its argument that it is entitled to judgment on this issue as a matter of law. Here the "controlling question of law' is whether the Court properly denied summary judgment on the substantive due process claim. Since this determination, although a legal issue, is essentially fact based in nature, interlocutory appeal is inappropriate. When the controlling question of law involves a question of fact or a question as to which genuine issues of material fact remain to be tried, § 1292(b) does not authorize interlocutory appeal. *See*, *Harrison Sveska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991); *Clark-Dietz v. Basic Construction Co.*, 702 F.2d 67, 69 (5th Cir. 1983); 3d *Moore's Federal Practice*, § 203.31[3]. Therefore, the Court will not certify for interlocutory appeal its denial of Defendant's Motion for Summary Judgment as to Plaintiff's Substantive Due Process Claim.

### 3. Procedural Due Process Claim

Defendant argues that there is substantial ground for a difference of opinion as to whether Plaintiff could establish a violation of their procedural due process rights. Defendant claims that even if Plaintiff was denied a fair tribunal in their zoning permit application, this defect was ultimately "cured" by the New Mexico Supreme Court thereby giving Plaintiff all the process that is due. However, in its Order denying Defendant's Motion For Summary Judgment as to Plaintiff's Procedural Due Process Claim, this Court held that the cases relied upon by Defendant for this proposition are limited to their particular facts. Rather, the Court held that under applicable case law Defendant was obliged to provide pre-deprivation due process. *See*, *Zaintz v. City of Albuquerque* 739 F. Supp 1462, 1470 (D.N.M. 1990); *Miller v. City of Albuquerque*, 89 N.M. 503, 507 (1976)

8

(holding that a municipal body is bound to follow the regulations adopted in the exercise of its delegated power). Specifically, the Court found that Defendant, having provided a tribunal for the zoning application, must provide one that accords the basic elements of due process and follows the procedures set out prior to the proceeding. *Id*. The Court remains convinced that this is the appropriate standard by which to determine whether Plaintiff's due process rights were violated. The Court declined to grant summary judgment to either Defendant or Plaintiff, finding that there was insufficient factual basis to determine whether the irregularities in the zoning approval procedure rose to the level of a procedural due process violation. The Court believes that the procedural due process claim can only be resolved with a more developed factual record. The Court finds that Plaintiff's procedural due process claim does not involve a "controlling question of law as to which there is substantial ground for a difference of opinion," and therefore, is not an appropriate matter for interlocutory appeal. *See Harrison Sveska AB v. Harris Corp.*, 947 F.2d at 631; *Clark-Dietz v. Basic Construction Co.*, 702 F.2d at 69; 3d *Moore's Federal Practice* § 203.31[3].

### 4. Mootness

Defendant also contends that there is substantial ground for a difference of opinion regarding the mootness of Plaintiff's claims. Defendant argues that Plaintiffs' claims are moot because Plaintiff was eventually permitted to build the requested go-cart and bumper boat rides. Plaintiff, however, still seeks monetary damages for the delay which Defendant caused in the construction of these facilities. *See Wilkerson v. Johnson*, 699 F.2d 325, 328 (6th Cir. 1983); *Zaintz v. City of Albuquerque*, 739 F.Supp. at 1469 (finding City may be liable for due process violations even though a zoning permit was ultimately granted). A claim for damages pursuant to 42 U.S.C. § 1983 may be

9

pursued even if the constitutional violation is not on-going. *City of Richmond v. Croson*, 488 U.S. 469, 478 (1989). Defendant offers no case authority to the contrary, and the Court is not persuaded that there is a substantial ground for a difference of opinion as to this point of law. Therefore, the Court will not certify this issue for interlocutory appeal under 28 U.S.C. § 1292(b).

**5. Municipal Liability**

Finally, Defendant urges the Court to find that there is substantial ground for a difference of opinion as to whether the City of Albuquerque can be subjected to municipal liability as a result of the City Council's actions. The essence of Plaintiff's claim is that the City Council failed to adhere to its quasi-judicial role, but instead acted from a desire to create new municipal policy and cater to political will. Under Tenth Circuit law, the well settled standard for municipal liability in the context of §1983 claims rests on whether the alleged unconstitutional acts were committed by an official possessing final policymaking authority. *Weimer v. Schraeder,* 952 F.2d 336 (10th Cir. 1991). In the present case, the alleged unconstitutional acts of which Plaintiff complains were committed by the City Council, the body within the municipal administration with the ultimate authority to review Plaintiff's permit application. The facts of this case appear to fall squarely within the scope of municipal liability as defined in *Weimer*. Defendant offers no contrary authority to challenge the standard for municipal liability, but merely contends that the City Council acted in a quasi-judicial capacity rather than a policy-making capacity. The Court finds this to be a question of fact, rather than law. The City of Albuquerque cannot shield itself from liability if the City Council did in fact abandon its quasi-judicial role. If Plaintiff's claims is proven at trial, then Plaintiff will have established that the City Council abandoned its quasi-judicial role in the interest of making official

policy, thereby rightfully subjecting the City of Albuquerque to municipal liability. Due to the factual nature of this inquiry, the Court finds that this issue is likewise not appropriate for interlocutory appeal under section 1292(b).

## CONCLUSION

The Court does not find that Defendant has raised controlling questions of law as to which there is a substantial grounds for a difference of opinion. Furthermore, the Court does not view this case as presenting the type of exceptional circumstance that would justify an interlocutory appeal. Finally, at this time an interlocutory appeal would delay this matter rather than materially advance the termination of the litigation.

**IT IS THEREFORE ORDERED** that Defendant City of Albuquerque's Motion to Amend Order to Allow Interlocutory Appeal **[Doc. No. 41]** is hereby **DENIED**.

MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Plaintiff:
Elizabeth E. Simpson

Attorneys for Defendant:
Randy A. Autio